IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal No. 3:94cr80 (DJN)

AARON LAMONT BARNES,
Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Aaron Barnes' ("Defendant") Letter Motion Requesting a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 73) and the Motion to Withdraw as Counsel Pursuant to *Anders* (ECF No. 78) filed by the Federal Public Defender. For the reasons that follow, the Court will DENY Defendant's Motion and GRANT the Federal Public Defender's Motion.

## BACKGROUND

On September 8, 1994, the Government filed an Indictment against Defendant charging him with one count of Possession with Intent to Distribute at Least 50 Grams of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1). Defendant pled not guilty and, on February 22, 1995, the Court convicted him following a bench trial in front of United States District Judge Richard L. Williams. (ECF No. 21.) The United States Probation Office prepared a Presentence Investigation Report ("PSR"), stating that the charge carried a mandatory minimum of five years and calculating guideline range at 210-262 months imprisonment and 3-5 years supervised release. (ECF No. 76-1.) On May 10, 1995, Judge Williams sentenced Defendant to 210 months imprisonment, to run consecutively with his February 28, 1995 Virginia State Murder Convictions, along with a term of five years of supervised release. (ECF No. 23.)

The Virginia State Murder Convictions arose from a drug-related double homicide that occurred on April 5, 1994. (PSR ¶ 18.) Defendant and two others shot and killed an individual who had allegedly robbed their crack customers, because the robberies "were bad for their drug business." (PSR ¶ 18.) They also shot and killed a female who attempted to flee after she heard the shots. (PSR ¶ 18.) On February 28, 1995, Defendant was convicted on two counts of murder, among other related charges, in the Richmond Circuit Court, and sentenced to life imprisonment. (*Id.*). On November 8, 2011, Defendant completed his sentence with the Federal Bureau of Prisons and began serving his life sentence with the Virginia Department of Corrections. (ECF No. 76.) He remains incarcerated by the Virginia Department of Corrections. (ECF No. 73.)

On January 31, 2020, Defendant filed a Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Motion for Appointment of Counsel. (ECF No. 73.) He requests that the Court "reduce his sentence of 210 months." (ECF No. 73.) On February 4, 2020, the Court appointed the Federal Public Defender to represent Defendant with respect to this motion and ordered the United States Probation Office to prepare a First Step Act Worksheet. (ECF No. 75.) In its Worksheet, the United States Probation Office indicated that the revised guidelines would be 70-87 months, with a mandatory minimum of five years and maximum of 40 years. (ECF No. 76.) On March 3, 2020, the Federal Public Defender filed an *Anders* brief and moved to withdraw from representing Defendant after concluding that it could not say that "Defendant's request for relief under the First Step Act has merit has a motion under Section 404 of the First Step Act." (ECF No. 78.) The Court now addresses Defendant's motion.

## ANALYSIS

As a threshold matter, the Court notes that it will consider Defendant's motion under 18

U.S.C. § 3582(c)(1)(B), as well as § 3582(c)(2) (the section referenced in Defendant's motion), because Defendant, having already completed his term of incarceration, does not meet the eligibility requirements for relief under § 3582(c)(2). Section 3582(c)(2) allows the Court to reduce a term of imprisonment based on lowered Sentencing Guidelines, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission has stated, however, that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C). Because Defendant has already served his full sentence in federal custody, the Court may not reduce that sentence pursuant to § 3582(c)(2). To the extent that he seeks a reduction in the term of supervised release imposed by the Court, the guideline range for supervised release has not been lowered since his sentencing, placing him outside of the scope of § 3582(c)(2). Accordingly, to the extent Defendant brings his motion under § 3582(c)(2), that motion is DENIED. However, in an effort to construe Defendant's *pro se* motion liberally and, based on his reference to the retroactive application of the Fair Sentencing Act, the Court will also construe Defendant's motion as a motion for a sentence reduction under the First Step Act's retroactive application of the Fair Sentencing Act and, therefore, will construe it as a motion under § 3582(c)(1)(B). *See United States v. Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019) ("We hold that § 3582(c)(1)(B) is the appropriate vehicle for a First Step Act motion.").

### A. Defendant Meets the Eligibility Criteria of the First Step Act.

"Generally, a court may not modify a term of imprisonment once it has been imposed except" in narrow circumstances. *Wirsing*, 943 F.3d at 179, 183 (citing 18 U.S.C. § 3582(c)). Congress may enact statutory exceptions to this general rule, and Defendant brings his motion

3

under one such exception provided by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "FSA"). Relevant here, § 404 of the FSA provides for sentence modifications by making retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act "reduced the statutory penalties for cocaine based offenses" to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). Section 2 of the Fair Sentencing Act modified the drug quantities required to trigger mandatory minimum sentences for crack cocaine trafficking offenses; it increased the amount required to trigger the five-year mandatory minimum from 5 grams to 28 grams and increased the amount required to trigger the ten-year mandatory minimum from 50 grams to 280 grams. *See Wirsing*, 943 F.3d at 179 (citing Fair Sentencing Act, § 2, 124 Stat. at 2372). Section 3 eliminated the five-year mandatory minimum for simple possession of crack. *Id.*

The relevant provisions of the FSA apply to "a covered offense," which means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . ., that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222. The FSA provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222. The Court retains discretion to deny a reduction even if the defendant qualifies for a reduction under the FSA. § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

The FSA imposes three eligibility requirements. To qualify for consideration for relief, a defendant must show that he or she (1) committed a covered offense on or before August 3,

2010; (2) did not have his or her sentence imposed or reduced under sections 2 or 3 of the Fair Sentencing Act of 2010; and, (3) did not file a previous motion under § 404 of the FSA that the Court decided on the merits. *See United States v. Hardnett*, 417 F. Supp. 3d 725, 733 n.7 (E.D. Va. 2019) (quoting FSA statute and limitations contained therein).

Here, the Court finds Defendant eligible for a sentence reduction under the FSA. First, he committed a covered offense – a violation of 21 U.S.C. § 841(a)(1) – before August 3, 2010. Second, did not have his sentence imposed or reduced under section 2 or 3 of the Fair Sentencing Act of 2010. At the time of his conviction, the amount of crack cocaine in the Indictment (62 grams) subjected him to a ten-year mandatory minimum. But, that same amount would now subject him to a five-year mandatory minimum. Third, he has not filed a previous motion under § 404 of the FSA that the Court has decided on the merits. Accordingly, the Court finds Defendant eligible for a sentence reduction under the FSA.

### B.     The Court Will Exercise Its Discretion to Deny Defendant's Motion.

Even if a defendant meets the eligibility criteria for a sentence reduction, the Court retains discretion over whether to grant the reduction. *Wirsing*, 943 F.3d at 180 ("Among other limitations, Congress left the decision as to whether to grant a sentence reduction to the district court's discretion."); FSA § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Here the Court will exercise that discretion and deny Defendant's request for a reduction below the time he has already served.

In exercising this discretion, the Court notes that a reduction in Defendant's 210-month imprisonment term would necessarily reduce his sentence to something below the time he has already served. Accordingly, a reduction could allow him to "bank" time for any sentence

imposed for violating his supervised release, should he ever gain his release from state custody and subsequently violate his supervised release. *See United States v. Jackson*, __ F.3d __ , 2020 WL 1140939 at *4 (Mar. 10, 2020) (describing BOP regulations that provide for banked time). In *Jackson*, the Fourth Circuit affirmed that a district court may consider the possibility of banked time when deciding to deny a motion under the FSA. *Id.* at *5.

In declining to reduce Defendant's sentence, the Court has considered the factors set forth in 18 U.S.C. § 3553(a), which include:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;

2. the need for the sentence imposed –

    a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    b. to afford adequate deterrence to criminal conduct;

    c. to protect the public from further crimes of the defendant; and

    d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. the kinds of sentences available;

4. the kinds of sentences and the sentencing range established for [the applicable offense category as set forth in the guidelines];

5. any pertinent policy statement . . . by the Sentencing Commission;

6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7. the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The applicable factors weigh against granting Defendant's motion.

First, "the nature and circumstances of the offense and the history and characteristics of the defendant" weigh heavily against Defendant. Defendant shot and killed two people

6

(including one attempting to flee the scene) at close range to protect his crack business. (PSR ¶ 18.) For this, the Commonwealth of Virginia convicted him of murder and sentenced him to life in prison. (PSR ¶ 18.) Only four days after he killed two people, his intoxicated driving led to the police pulling him over and finding 62.6 grams of crack cocaine in his vehicle. (PSR ¶¶ 4-5.) The police also found a beeper, a digital pager, electronic scales, and a cellular telephone. (PSR ¶ 5.) These findings gave rise to the charges at issue in this action. Before this, Defendant had several other drug and firearm related convictions. (PSR ¶¶ 16-18.) Defendant's characteristics — a lethal drug dealer — do not weigh in favor of reducing his sentence.

Next, the Court notes that reducing Defendant's sentence would not afford adequate deterrence to criminal conduct or protect the public from further crimes of Defendant. The Fourth Circuit has explicitly stated that "[t]he possibility of banked time that may be used to satisfy or offset a future supervised release revocation is relevant to at least two factors: whether the sentence imposed will 'protect the public from further crimes of the defendant' and 'afford adequate deterrence to criminal conduct.'" *Jackson,* 2020 WL 1140939 at *6. Moreover, the possibility of banked time can hinder a defendant's rehabilitation. *See id.* (noting that revocation "can be a tool . . . comparably important in a defendant's rehabilitation"). Finally, the Court does not believe that reducing Defendant's sentence will promote respect for the law.

With respect to the pertinent policy statement, the Court notes that the Sentencing Guidelines expressly prohibit a court's reduction of a sentence below time served when reducing based on a sentencing guideline amendment. *See* U.S.S.G. § 1B1.10(b)(1)(C) (directing that a reduction in a term of imprisonment pursuant to a sentencing amendment "[i]n no event may . . . be less than the term of imprisonment the defendant has already served"). Although the policy statement does not control requests under the FSA, it supports the Court's decision not to reduce

Defendant's sentence below the term of imprisonment that he already completed. *See Jackson*, 2020 WL 1140939 at *6 (finding no error in district court's consideration of policy statement in § 1B1.10(b)(1)(C) for FSA motion when the district court did not give it controlling weight).

The applicable § 3553(a) factors, taken as a whole, counsel against reducing Defendant's term of imprisonment below what he has already served.

### C. The Court Will Not Reduce Defendant's Term of Supervised Release.

Although Defendant only requested a reduction in his 210-month term of incarceration, and not his term of supervised release, the Court will still consider whether to reduce his term of supervised release, because custodial and supervised release terms act as components to form one unitary sentence. *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018); *see also United States v. Venable* 943 F.3d 187, 194 (4th Cir. 2019) (holding that a defendant serving revocation sentence as part of the penalty for his initial sentence "is still serving his sentence for a 'covered offense' for purposes of the First Step Act"). The Court finds that Defendant's circumstances do not warrant a reduction in his term of supervised release. First, the Fair Sentencing Act did not reduce the guideline range for a term of supervised release, as the Court could now impose a term of supervised release between 4 and 5 years, whereas the original guideline range in 1995 was 3 to 5 years. *See* 21 U.S.C. § 841(b)(1)(B) (minimum 4-year term of supervised release); 18 U.S.C. § 3583(b)(1) (maximum 5-year term of supervised release for Class B felony); *see also* (PSR ¶ 48 (calculating original guideline range of supervised release at 3-5 years)). Additionally, the conditions of supervised release serve to assist the defendant in transitioning into community life. *United States v. Johnson*, 529 U.S. 53, 59 (2000). Reducing Defendant's term of supervised release would undermine the rehabilitative goals of supervised release. *See id.* (noting that the rehabilitative objectives of supervised release "would be unfulfilled if excess

prison time were to offset and reduce terms of supervised release"). Additionally, the same analysis of the § 3553(a) factors that counsel against reducing Defendant's custodial sentence also weigh against reducing his time of supervised release, especially with respect to the circumstances of the offense and characteristics of Defendant. Therefore, the Court will not reduce Defendant's term of supervised release.

## CONCLUSION

For the reasons stated above, Defendant's Letter Motion Requesting a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 73) will be hereby DENIED. The Federal Public Defender's Motion to Withdraw (ECF No. 78) will be hereby GRANTED.

An appropriate Order will issue.

The Clerk is directed to send a copy of this Order to all counsel of record and to Defendant.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: March 17 2020